HOLDING CAPITAL GROUP, INC., First America–Israel Technology Limited Partnership, Holding Capital Associates Limited Partnership, TPR Investment Associates, Inc., TPR Investment Associates, and Thomas Hardy, Plaintiffs,

v.

AP AND CO. LTD. and Amnon Portugaly, Defendants.

No. 86 CV 1365 (RJD).

United States District Court, S.D. New York.

Nov. 24, 1987.

Rubin, Baum, Levin, Constant & Friedman by Gerald Harris, and Leonard D. Steinman, New York City, for plaintiffs.

Yerushalmi, Shiboleth, Yisraeli & Roberts by Robert Hirsch, New York City, for defendants.

## MEMORANDUM ORDER

DARONCO, District Judge.

Plaintiffs commenced this diversity action for a declaratory judgment that they owe no finder's fee to defendants. Defendants counterclaimed in contract, *quantum meruit* and fraud for judgment of $420,000 on each claim as well as $1,000,000 in punitive damages under the fraud claim. Defendants allege $420,000 is due them as finders of an Israeli company effectively acquired by plaintiffs. Plaintiffs have moved for summary judgment on their action and summary dismissal of defendants' counterclaims.

"Under Fed.R.Civ.P. 56(c) a trial judge shall grant summary judgment if the evidence offered demonstrates that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The burden rests on the moving party to demonstrate the lact of a genuine issue of fact, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970), and the record 'must be viewed in the light most favorable to the party opposing the motion.' *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)." *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184 (2d Cir.1987).

According to defendants, the facts are as follows:

1. Plaintiffs and defendants made an oral agreement on June 10, 1985 whereby defendants would act and render services for plaintiffs on an *ad hoc*, per project basis in Israel.

2. A proposal and presentation regarding Haifa Chemicals was made to plaintiffs by defendants, pursuant to the June 10, 1985 oral agreement.

3. Under the oral contract, plaintiffs had agreed to pay defendants a finder's fee in connection with plaintiffs' acquisition of Haifa Chemicals.

4. On June 10, 1985, plaintiffs, through Thomas Hardy, represented to defendant Portugaly that he would be compensated for services rendered to plaintiffs.

5. Plaintiffs never intended to compensate defendants.

6. Plaintiffs did not know of the availability of Haifa Chemicals prior to their agreement and arrangements with Portugaly.

7. Hardy misrepresented plaintiffs' true intention not to pay a finder's fee to defendants.

8. Plaintiffs used information provided by Portugaly and embarked on a course of action leading to their acquisition of Haifa Chemicals.

9. Plaintiffs kept their course of action in acquiring Haifa Chemicals secret from defendants.

10. Plaintiffs' contract with defendants and the information supplied by defendants were the sources of plaintiffs' interest and ultimate acquisition of Haifa Chemicals.

Regarding the first and second counterclaims, plaintiffs base their motion on N.Y. Gen.Oblig.Law § 5–701, subd. a subsec. 10, which requires that a contract "to pay compensation for services rendered ... in negotiating the purchase ... of a business opportunity ..." be documented by some note or memorandum in writing authorized by the party charged. Under the statute, "negotiating" includes procuring an introduction to a party to the transaction, which is essentially what Portugaly claims he did as between plaintiffs and Haifa Chemicals. Because defendants fall within none of those individuals exempted in subsec. 10, they concede that their claims in contract and *quantum meruit* fail if New York law is applied. Defendants' Memorandum of Law at 2. As a result, defendants contend that Israeli law should be applied.

Federal Rules of Civil Procedure 44.1 permits a party to raise an issue of foreign law "in his pleadings or other reasonable written notice." Defendants have notified plaintiffs of the applicability of Israeli law to all of their counterclaims in their opposing papers.

The advisory committee notes to Rule 44.1 speak in terms of reasonable notice:

"The stage which the case had reached at the time of the notice, the reason proffered by the party for his failure to give earlier notice, and the importance to the case as a whole of the issue of foreign law sought to be raised, are among the factors which the court should consider in deciding a question of the reasonableness of a notice."

Defendants have proffered no reason for their delay in raising the issue of the relevance of Israeli law, the potential for which should have been apparent from the pleadings. The Court entertains doubt as to the timeliness of defendants' notice. Nevertheless, the choice of law is dispositive of the matter and leads to the same result, a judgment in plaintiffs' favor.

This Court applies New York's choice of law rules. *See Klaxon Co. v. Stentor Electric,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The New York choice of law rule "is that the law of the jurisdiction having the greatest interest in the litigation will be applied and that the facts or contacts which obtain significance in defining state interests are those which relate to the purpose of the law in conflict." *J. Zeevi & Sons v. Grindlays Bank,* 37 N.Y. 2d 220, 226–27, 371 N.Y.S.2d 892, 333 N.E. 2d 168 (1975) (*quoting Intercontinental Planning, Ltd. v. Daystrom, Inc.,* 24 N.Y. 2d 372, 382, 300 N.Y.S.2d 817, 248 N.E.2d 576 (1969)); *accord Fort Howard Paper Co. v. William D. Witter, Inc.,* 787 F.2d 784, 791 (2d Cir.1986) (*quoting Daystrom, supra*). Moreover, the New York rule requires that there be "sufficient contacts with New York to give our state a substantial interest in applying its policy." *Daystrom, supra,* 24 N.Y.2d at 384, 300 N.Y. S.2d 817, 248 N.E.2d 576.

In the present case, both New York and Israel have contact with this dispute. The alleged agreement was struck in New York. Portugaly allegedly presented the Haifa Chemicals proposal to plaintiffs in New York. The alleged liability of plaintiffs crystallized upon plaintiffs' acquisition of controlling shares of Haifa Chemicals from a United States Company (Beatrice Companies, Inc.) through a New York broker. Plaintiffs are residents of New York.

On the other hand, defendants are residents of Israel. The purported agreement was to locate Israeli investment opportunities. In Israel defendant compiled the information he gave to plaintiffs. Before the alleged agreement was made, Hardy and

Portugaly held a meeting in Israel. Portugaly also provided material about Haifa to plaintiffs in Israel.

■ On the authority of *Fort Howard Paper Co., supra,* 787 F.2d at 790, the Court concludes that New York has adequate contacts with the dispute and the paramount interest in having its law applied to the dispute. Of overriding significance is defendants' acknowledgement that the alleged promise to pay a finder's fee was made in New York. In this case, defendants knew that the closing of the opportunity they had allegedly revealed would occur in the United States (Chicago) through a New York agent after telephone negotiations between parties in New York and Chicago. The application of New York law here is in keeping with this State's policy of reducing unfounded and multiple claims and preserving New York's role as a national and international center for the purchase and sale of businesses. Significantly, the record is bereft of evidence or contentions that Hardy and Portugaly had agreed in Israel that Portugaly would be remunerated for the performance of investment research services on Haifa without regard to subsequent contingencies.

■ The record also lacks any evidence of a writing. Accordingly, Portugaly's asserted agreement may not be enforced, and plaintiffs' motion on count 1 of the complaint is granted. Similarly, Portugaly may not prevail on his claim for a *quantum meruit* recovery. *Lehman v. Dow Jones & Co., Inc.,* 783 F.2d 285, 287 n. 1 (2d Cir.1986) (cases cited therein). The motion for summary judgment on count 2 is, therefore, granted.

Turning to the remaining claim, which sounds in fraud,

"Under New York law, the essential elements of a fraud claim are '(1) representation of a material existing fact; (2) falsity of the statement; (3) scienter; (4) deception; and (5) injury.' *Songbird Jet Ltd. v. Amax Inc.,* 581 F.Supp. 912, 925 (S.D.N.Y.1984) (footnote omitted), *aff'd by order,* 779 F.2d 39 (2 Cir.1985)."

*Id.* at 295.

■ Defendants fail to present evidence on two of the elements, scienter and injury.

Portugaly relies entirely on plaintiffs' subsequent failure to perform to draw the inference that Hardy had made a bargain he never intended to keep. He has offered no additional evidence from which the trier of fact may determine Hardy's intent at the time of the alleged promise.

"Under New York law, fraudulent intent is not demonstrated by evidence of mere nonperformance of a promise."

*Murray v. Xerox Corp.,* 811 F.2d 118, 122 (2d Cir.1987).

Concerning injury, Portugaly has admitted that others received the Haifa Chemicals material given to Hardy.

"Under New York law, [Portugaly] must show that he was injured as a direct and proximate result of his reliance on [Hardy's] misrepresentations."

*Lehman, supra,* 783 F.2d at 296.

The Court of Appeals' observations in *Lehman* mirror this case, *viz.,*

"[Portugaly] alleges that he performed a number of services in reliance on [Hardy's] misrepresentations, ... but he has not demonstrated how the alleged fraud *itself* caused him to do any of these things. Performing such services was his business. There is no reason to believe that in the absence of [Hardy's] alleged misrepresentations, [Portugaly] would not still have followed [Haifa], analyzed its attractiveness, and sent out letters containing his conclusions, as he did here to four other companies not alleged to have made promises—in short, that he would not have done all of the things he did anyway ... aside from a vague allegation that he 'incurred substantial expenses' in providing [Hardy] with services related to the [Haifa] deal, [Portugaly] has neither claimed a specific injury flowing from his reliance on [Hardy's] alleged misrepresentations nor adduced facts sufficient to permit an inference of such an injury." [Compare Portugaly affidavit Para. 17 with Portugaly deposition at 100–102].

*Id.* Portugaly's business is to locate investment opportunities and he further ad-

**1278**

mits that he presented the Haifa proposal to St. James Capital Funding in England prior to meeting with Hardy. Not surprisingly, therefore, he has not computed any out of pocket loss. Portugaly deposition at 135–37. Portugaly's failure to establish injury distinguishes this case from *Fort Howard Paper Co., supra,* 787 F.2d at 794 n. 7 (discussion therein), upon which he incorrectly relies.

Based on the foregoing, plaintiffs' motion for summary judgment is granted in all respects. The counterclaims are dismissed, and the Court finds that plaintiffs are not liable to defendants for a finder's fee.

SO ORDERED.